UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| LILLIAN LOGAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NRA GROUP, LLC d/b/a NATIONAL ) <br> RECOVERY AGENCY, ) <br> ) <br> Defendant. ) | **Civil Action No. 5:16-cv-00159** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

**I.  INTRODUCTION**

1. This action is brought by Plaintiff Lillian Logan for actual damages, statutory damages, and civil penalties against Defendant NRA Group, LLC, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and requires the communication of specific statutory rights, and the North Carolina Collection Agency Act, N.C.G.S. § 58-70-90 *et seq* ("NCCAA").

**II.  JURISDICTION**

2. Venue is proper in this district as all relevant events took place here.

3. Jurisdiction for the District Court for the Eastern District of North Carolina arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Jurisdiction over state law claims arises under 28 U.S.C. § 1367.

### III. PARTIES

4. Plaintiff Lillian Logan is an individual who resides in Garner, North Carolina, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the NCCAA, N.C.G.S. § 58-70-90(2).

5. Defendant NRA Group, LLC is a limited liability company and collection agency located in Harrisburg, Pennsylvania.

6. NRA Group, LLC does business as National Recovery Agency.

7. Defendant is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

8. Defendant regularly attempts to collect consumer debts alleged to be due to another.

9. Defendant engages, directly or indirectly, in debt collection from consumers.

10. Defendant holds a collection agency license from the North Carolina Department of Insurance, as required by N.C.G.S. § 58-70-1.

11. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

12. Defendant was and is a "collection agency" as defined by N.C.G.S. §§ 58-70-15(a) and 90(1).

### IV. FACTUAL ALLEGATIONS

13. In September 2014, Ms. Logan purchased a decorative figurine from The Hamilton Collection.

14. Ms. Logan was unable to pay for the decorative figurine in full, resulting in a balance allegedly owed ("the Debt").

15. The Debt was incurred for personal, family, or household purposes, *i.e.*, decorative figurine for Ms. Logan's personal enjoyment.

16. Defendant obtained the Debt after it entered default.

17. By correspondence dated April 10, 2015, Defendant arranged for the preparation and transmittal of a letter to Ms. Logan at her residence in an attempt to collect the Debt. Defendant's April 10, 2015, letter to Ms. Logan is attached hereto as <u>Exhibit A</u>.

18. <u>Exhibit A</u> contains:

Dear Lillian Logan:

National Recovery Agency, has been asked by THE HAMILTON COLLECTION, to contact you regarding your account.

Unless you notify THE HAMILTON COLLECTION within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify THE HAMILTON COLLECTION in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, THE HAMILTON COLLECTION will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request THE HAMILTON COLLECTION in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Unless you dispute this debt, please send your payment directly to THE HAMILTON COLLECTION, for the full amount due, with the tear-off coupon of this letter. If necessary, you may contact THE HAMILTON COLLECTION directly at 1-900-323-5577.

Exhibit A.

19. <u>Exhibit A</u> was the initial communication from Defendant to Ms. Logan regarding the Debt.

20. <u>Exhibit A</u> does not disclose to Ms. Logan or the least sophisticated consumer that, unless she notifies Defendant that she disputes the debt or any portion thereof within thirty days of receipt of the letter, Defendant will assume that the debt is valid.

21. <u>Exhibit A</u> does not disclose to Ms. Logan or the least sophisticated consumer that, if she notifies Defendant in writing that she disputes the debt or any portion thereof within thirty days of receipt of the letter, Defendant will obtain and send to Ms. Logan verification of the debt.

22. "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

23. "Among its safeguards against abuse and deception, the FDCPA requires a debt collector to send written notice to consumer debtors with whom it communicates in connection with the collection of a debt. 15 U.S.C. § 1692g." *Clark v. Absolute Collection Serv*, 741 F.3d 487, 490 (4th Cir. 2014). Section 1692g is a "significant feature" of the FDCPA. *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 782 (6th Cir. 2014) *quoting* S. Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.S.C.A.N. 1695,

1699. The verification provision "will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Id.* (Senate Report at 1696). Section 1692g should be construed to protect unsophisticated consumers. *United States v. National Fin. Servs.*, 98 F.3d at 135.

24. Section 1692g(a) expressly requires all debt collectors to communicate five pieces of information to every consumer.

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

25. Section 1692g(a) requires the debt collector to inform the consumer that disputes must be sent to the debt collector. *Macarz v. Transworld Sys.*, 26 F.Supp.2d 368, 372 (D.Conn.1998).

26. An incomplete statement of the Section 1692g(a)(1) - (5) information violates the FDCPA. *Baker v. G.C. Servs. Corp.*, 677 F.2d 775 (9th Cir. 1982); *Forsberg v. Fidelity Nat'l Credit Servs., Ltd.*, 2004 U.S.Dist.LEXIS 7622 (S.D.Cal. 2004); *McCabe v. Crawford & Co.*, 272 F.Supp.2d 736 (N.D.Ill. 2003); *Prevete v. Margolin & Meltzger*, 1998 WL 426700 (E.D.N.Y., May 19, 1998); *Altergott v. Modern Collection Techniques*, 1994 WL 319229 (N.D.Ill., June 23, 1994); *Kaschak v. Raritan Valley Collectio Agency*, 1989 U.S.Dist.LEXIS 19103 (D.N.J., May 22, 1989).

27. By failing to tell Ms. Logan that 1) a dispute to prevent the assumption of validity must be sent to Defendant (not to the creditor); and 2) a written dispute must be sent to Defendant (not to the creditor) to require Defendant to obtain and send verification, Defendant has failed to convey the information expressly required by 15 U.S.C. § 1692g(a)(3) and (4). By failing to convey this information, Ms. Logan and the least sophisticated consumer would not know that disputing the debt with the creditor would not prohibit Defendant from assuming the debt is valid, nor that sending a written dispute to the creditor would not require Defendant to obtain and send verification of the debt.

28. Additionally, "Pursuant to section 1692g(b), if a consumer 'notifies the debt collector in writing' that the debt is disputed, the debt collector must 'cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector.' 15 U.S.C. § 1692g(b)." *Clark*, 741 F.3d at 490. This Section is implicated by a written dispute in line with the information required to be disclosed in 1692g(a)(4) – one of the pieces of

information that Defendant failed to disclose here.

29. By attempting to collect a debt while at the same time failing to communicate information expressly required by the FDCPA to be communicated to the consumer, Defendant attempted to collect a debt deceptively and misleadingly.

30. "That it may be obvious to specialists or the particularly sophisticated that a given statement is false or inaccurate does nothing to diminish that statement's 'power to deceive others less experienced.' " *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) quoting *Federal Trade Comm'n v. Standard Educ. Soc'y*, 302 U.S. 112, 116, 58 S.Ct. 113, 82 L.Ed. 141, 25 F.T.C. 1715 (1937). "As Justice Black has observed, our laws 'are made to protect the trusting as well as the suspicious,' and this is particularly the case within the realm of consumer protection laws." *Id.*

31. Plaintiff demands a trial by jury over all claims.

## V. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

33. Defendant's violations of the FDCPA include, but are not limited to:

   A) failing to inform consumers that, unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, in violation of 15 U.S.C. § 1692g(a)(3);

   B) failing to inform consumers that, if the consumer notifies the debt collector in writing within the thirty-day period that the deb, or any portion thereof, is disputed, the debt collector will obtain verification of the debt and a copy of such verification will be mailed to the consumer by the debt collector; and

C) using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10).

34. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

## VI. COUNT TWO – NORTH CAROLINA COLLECTION AGENCY ACT

35. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

36. Defendant's violations of the NCCAA include, but are not limited to attempting to collect a debt by any fraudulent, deceptive or misleading representation, in violation of N.C.G.S. § 58-70-110.

37. As a result of Defendant's violations of the NCCAA, Plaintiff is entitled to an award of actual damages, civil penalties, costs, and reasonable attorney fees.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Lillian Logan requests that judgment be entered in her favor against Defendant NRA Group, LLC for:

1. Actual damages in an amount to be determined by a jury;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2) for violations alleged in Count One;

3. Civil penalties of $4,000.00 pursuant to N.C.G.S. § 58-70-130(b) for each violation alleged in Count Two;

4. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

5. For such other relief as the Court may find to be just and proper.

Dated: April 8, 2016

/s/ Craig M. Shapiro
Craig M. Shapiro
Attorney for Plaintiff
Law Offices of John T. Orcutt, P.C.
6616 Six Forks Road, Suite 203
Raleigh, North Carolina 27615
Telephone: (919) 847-9750
Fax: (919) 847-3439
Email: cshapiro@johnorcutt.com
State Bar No. 48887